No. 69700.—Rohde & Schwarz Sales Co. v. United States, protest 64/17947 (New York).

Opinion by RAO, C.J. In accordance with stipulation of counsel that the merchandise consists of instruments in chief value of metal having essential electrical elements, designed to measure the amperage of electricity, not voltage, the same in all material respects as those the subject of *United States* v. *G. L. Electronics, Inc., Arrow Sales, Inc.* (49 CCPA 111, C.A.D. 804), the claim of the plaintiff was sustained.

No. 69701.—Schick X-Ray Co., Inc., et al. v. United States, protests 64/6325, etc. (New York).

Opinion by RAO, C.J. In accordance with stipulation of counsel that the merchandise consists of anesthesia, breathing assistor, or resuscitation devices in chief value of steel similar in all material respects to those the subject of *The E. I. M. Corp.* v. *United States* (50 Cust. Ct. 138, C.D. 2402), except that the items marked "A" are chiefly used in hospitals as hospital utensils and the items marked "B" have as an essential feature an electrical element or device, the claims of the plaintiffs were sustained, as follows: The items marked "A" at 17 percent under the provision in paragraph 339, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108), for hospital utensils; the items marked "B" at 13¾ percent under the provision in paragraph 353, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), for articles having as an essential feature an electrical element or device; and the items marked "C" at 19 percent under the provision in paragraph 397, as modified by T.D. 54108, for steel articles.

No. 69702.—The Durst Mfg. Co., Inc. v. United States, protest 323406K(A) (New York).

Opinion by RAO, C.J. In accordance with stipulation of counsel that the merchandise consists of rotary lawn sprinklers or metal parts thereof similar

in all material respects to those the subject of *The Durst Mfg. Co., Inc.* v. *United States* (50 CCPA 56, C.A.D. 820), the claim of the plaintiff was sustained.

No. 69703.—Lafayette Brass Mfg. Co., Inc., and Durst Industries, Inc. *v.* United States, protests 63/16556 and 65/6684 (New York).

Opinion by Rao, C.J. In accordance with stipulation of counsel that the merchandise consists of rotary lawn sprinklers or metal parts thereof similar in all material respects to those the subject of *The Durst Mfg. Co., Inc.* v. *United States* (50 CCPA 56, C.A.D. 820), the claim of the plaintiffs was sustained.

No. 69704.—Gallagher & Ascher Company *v.* United States, protests 61/24710–12591, 62/17330–13118, and 61/12040–12264 (Chicago).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of heaters and parts thereof similar in all material respects to those the subject of *Gallagher & Ascher Company* v. *United States* (52 CCPA 11, C.A.D. 849), the claim of the plaintiff was sustained.

No. 69705.—Morris Friedman et al. *v.* United States, protests 265801–K, etc. (Philadelphia).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of brass articles similar in all material respects to those the subject of *Zanin & Son, Inc.* v. *United States* (50 Cust. Ct. 37, C.D. 2385), and Abstract 67834, the claim of the plaintiffs was sustained.

No. 69706.—Daido Corporation *v.* United States, protest 65/3657 (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of horns similar in all material respects to those the subject